STATE OF HAWAII, Plaintiff-Appellee/Cross-Appellant,
v.
SANDRA GONZALEZ, Defendant-Appellant/Cross-Appellee
No. 27647
Intermediate Court of Appeals of Hawaii.
August 29, 2008.
On the briefs: James S. Tabe, Deputy Public Defender, for Defendant-Appellant/Cross-Appellee.
Stephen K. Tsushima, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee/Cross-Appellant.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., and FOLEY, J.; and NAKAMURA, J., concurring separately)
Defendant-Appellant/Cross-Appellee Sandra Gonzalez (Gonzalez) appeals and Plaintiff-Appellee/Cross-Appellant State of Hawai`i (the State) cross-appeals from the Judgment of Conviction and Sentence filed on November 4, 2005 in the Family Court of the First Circuit (family court).[1] A jury convicted Gonzalez of Abuse of Family or Household Member, in violation of Hawaii Revised Statutes (HRS) § 709-906 (Supp. 2005). The family court sentenced Gonzalez to two years of probation, with a mandatory thirty-day term of imprisonment, and ordered Gonzalez, as a condition of probation, to undergo domestic violence intervention and parenting classes.
On appeal, Gonzales argues the following:
(1) The family court deprived her of presenting a complete defense and violated her constitutional rights to due process, a fair trial, and to confront witnesses against her, pursuant to the United States Constitution, Amendments V, VI, and XIV, and the Hawai`i Constitution, Article 1, §§ 5 and 14, by erroneously precluding from trial
(a) testimony regarding the subject matter of the argument between Gonzalez and Juan Reyes (Reyes) at the time of the incident, including that Reyes had transmitted Human Papillomavirus (HPV) to Gonzalez;
(b) questioning of Reyes by Gonzalez's attorney as to whether Reyes understood the consequences of perjury; and
(c) cross-examination of Reyes concerning specific instances of conduct relevant to Reyes' credibility.
(2) The family court erred in allowing the State to question Gonzalez and comment during closing argument regarding Gonzalez's failure to inform the police officers during her arrest that Reyes' injury was the result of an accident and her failure to file a complaint against Honolulu Police Department (HPD) Officer Matsusaka with internal affairs.
(3) The family court erred and deprived her of her right to due process and a fair trial in violation of the United States Constitution, Amendments V and XIV, and the Hawai`i Constitution, Article 1, §§ 5 and 14, in admitting extrinsic evidence that Gonzalez had not passed the physical portion of the HPD entrance examination because the evidence was not admissible to attack Gonzalez's credibility.
(4) The family court erred in admitting evidence of Gonzalez's lewd conduct and her statements accompanying such during the incident.
(5) The family court reversibly erred by granting the State's challenge to excuse Juror 5 for cause.
(6) The family court erred in requiring Gonzales to post "cash-only" bail as a condition for release, in violation of HRS § 804-9 (1993).
Gonzalez requests that this court vacate her conviction and remand her case for a new trial.
On cross-appeal, the State argues that the family court, based on a misinterpretation of HRS § 804-4 (Supp. 2007) and 804-7.1 (1993), abused its discretion when it denied the State's oral motion to require Gonzalez to undergo domestic violence intervention and parenting classes while she was out on bail.
The State requests that this court vacate the family court's Order Pertaining to Bail Pending Appeal; rule that pursuant to HRS § 804-7.1, upon a defendant's release on bail pending appeal, the lower court has the authority to enter an order requiring the defendant to undergo domestic violence and parenting classes; and remand the case for further proceedings.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that the family court erred in permitting the deputy prosecuting attorney (DPA) to comment in closing argument on Gonzalez's post-arrest silence to infer her guilt. On cross-examination, the DPA questioned Gonzalez as follows:
Q. [DPA:] And yet, with all of your yelling and screaming with the officers there, you never once said it was an accident.
[DEFENSE COUNSEL]: Objection, Your Honor.
THE COURT: Overruled.
A. [GONZALEZ]: They never asked me what happened so I never got the chance to tell 'em what happened.
In closing argument, the DPA stated:
[DPA] Now that's very telling of what  of what actually happened. [Gonzalez's] saying it's all an accident. [Reyes] pushed me, that's how he got cut, that's how his eyebrows got shaved, it's all an accident. She never said that until now. Why would she wait to say that? She admitted on the stand she knew why [Reyes] called the police, because his eyebrow got shaved off, she knew the police were gonna come over because of that. Wouldn't you expect that that would be the first thing out of her mouth when she saw the police, it was an accident? But yet she told you she never said that. Certainly a person who hasn't committed a crime, wouldn't you expect that person to cooperate with the police, to give them information to allow them to do their job so they could come to the conclusion immediately that there had no crime  there was no crime taking place? And you would expect this even more from a person who wanted to be a member of HPD, because clearly she must have had some faith in the system and trust in the system at the time in order to have aspirations to one day become a member of HPD.
(Emphasis added.)
The DPA's comments in closing argument on Gonzalez's failure to tell the police that Reyes' injuries were an accident were impermissible argument that the jury should infer Gonzalez's guilt from her silence. The character of the DPA's remarks was such that the jury would "naturally and necessarily" construe it as an attempt to equate Gonzalez's silence with her guilt. State V. Mainaaupo, 117 Hawai`i 235, 254, 178 P.3d 1, 20 (2008). The DPA's comments were similar in character to those held improper by the Hawai`i Supreme Court in Mainaaupo. Id. at 253-55, 178 P.3d at 19-21. We hold that the family court erred in permitting the DPA to comment on Gonzalez's silence to infer her guilt and that such error was not, in the circumstances of this case, harmless beyond a reasonable doubt.
Because we vacate and remand, the other points on appeal are moot.
Therefore,
The Judgment of Conviction and Sentence filed on November 4, 2005 in the Family Court of the First Circuit is vacated, and this case is remanded for a new trial.
NOTES
[1] The Honorable Patrick W. Border presided.